## In the Matter of David E. SCHALK, Respondent.

### No. 53S00–1104–DI–244.

Supreme Court of Indiana.

April 15, 2013.

### PUBLISHED ORDER FINDING MISCONDUCT AND IMPOSING DISCIPLINE

Upon review of the report of the hearing officer, the Honorable Wayne S. Trockman, who was appointed by this Court to hear evidence on the Indiana Supreme Court Disciplinary Commission's "Verified Complaint for Disciplinary Action," and the briefs of the parties, the Court finds that Respondent engaged in professional misconduct and imposes discipline on Respondent.

**Facts:** In 2007, Respondent represented a criminal defendant ("Client"), who was charged with possession of methamphetamine. Respondent wanted to prove that the confidential informant involved in the case was himself dealing in drugs. Client gave Respondent the names of two friends, "LE" and "RG." Respondent met with LE, RG, and a juvenile who came with them. Respondent convinced them that the purchase was legitimate and none of them would get into trouble. He gave a voice recorder to RG, along with $200 for the drug purchase. LE and RG told Respondent they had purchased $200 worth of marijuana from the informant. LE testified later that they had actually purchased only $50 worth of marijuana, smoked it, and kept the rest of the money. LE and RG gave Respondent a folded newspaper that they represented, falsely, to contain the marijuana. Respondent declined to take the package, asking RG and LE to hold on to the package while he tried, unsuccessfully, to arrange with law enforcement to take possession of it.

On April 30, 2008, Respondent was charged with conspiracy to possess marijuana, a class D felony, and attempt to possess marijuana, a class A misdemeanor ("Respondent's criminal case"). Respondent's own criminal case was pending at the time Client's case was pending. The judge in the Client's case determined that Respondent had a conflict of interest and disqualified him from representing Client. With different counsel, Client pled guilty to the methamphetamine charges. Respondent later reappeared as his attorney and filed a petition for post-conviction relief, which was denied. Respondent then appealed on behalf of Client. The Court of Appeals disqualified Respondent from representing Client in the appeal.

Respondent waived a jury trial in his own criminal case in return for dismissal of the felony count. After a bench trial the court found Respondent guilty of misdemeanor attempt to possess marijuana. The Court of Appeals affirmed, and this Court denied transfer. *See Schalk v. State,* 943 N.E.2d 427 (Ind.Ct.App.2011), *trans. denied.*

Facts in aggravation include: (1) Respondent solicited others to commit a criminal act, which put them at risk of arrest or physical danger; (2) Respondent has no appreciation for the wrongfulness of his conduct; (3) Respondent made false statements or statements with reckless disregard for their truth regarding the integrity of the judges of the trial court and Court of Appeals; (4) Respondent's assertions that his criminal prosecution was based upon vindictiveness by law enforcement authorities is frivolous; and (5) Respondent improperly interfered with the discovery process in the disciplinary proceeding.

**Violations:** The Court finds that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

8.4(b): Committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer.

8.4(d): Engaging in conduct prejudicial to the administration of justice.

**Discipline:** Respondent's illegal attempt at a drug sting without the assistance of law enforcement, aggravated by his complete lack of any insight into his misconduct and his repeated and unfounded attacks on those involved in his criminal case and this disciplinary proceeding, demonstrate Respondent's need for a substantial period of suspension followed by a rigorous reinstatement proceeding before resuming practice.

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law in this state for a period of not less than nine months, without automatic reinstatement, beginning May 24, 2013.** Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of the minimum period of suspension, Respondent may petition this Court for reinstatement to the practice of law in this state, provided Respondent pays the costs of this proceeding, fulfills the duties of a suspended attorney, and satisfies the requirements for reinstatement of Admission and Discipline Rule 23(4). Reinstatement is discretionary and requires clear and convincing evidence of the attorney's remorse, rehabilitation, and fitness to practice law. *See* Admis. Disc. R. 23(4)(b).

The costs of this proceeding are assessed against Respondent. Respondent's request for oral argument is denied. The hearing officer appointed in this case is discharged.

The Clerk is directed to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur.