## In the Matter of David E. SCHALK, Respondent.

### No. 53S00–1104–DI–244.

Supreme Court of Indiana.

Jan. 27, 2014.

*PUBLISHED ORDER FINDING RESPONDENT IN CONTEMPT OF COURT AND IMPOSING FINE*

The Court entered an order suspending Respondent from the practice of law in this state for a period of not less than nine months, without automatic reinstatement, beginning May 24, 2013. *See Matter of Schalk,* 985 N.E.2d 1092 (Ind.2013). The Commission filed a "Verified Motion for Rule to Show Cause" on September 25, 2013, asserting that Respondent engaged in several acts in violation of the suspension order, including holding himself out as an attorney and representing two persons in a guardianship proceeding. The Court issued an order to show cause on September 27, 2013, and Respondent filed an objection on October 2, 2013, denying any misconduct.

Based on the documents provided to the Court and on Respondent's own account of

his actions, the Court concludes that Respondent's actions in the guardianship proceeding constituted the practice of law in violation of his suspension order. After a guardianship had already been established, Respondent entered appearances in the guardianship proceeding in 2012 on behalf of two clients who wished the guardianship to be dissolved. After Respondent's suspension became effective, Respondent filed documents in July and September 2013 purportedly as a pro se, pro bono litigant acting on behalf of the ward. However, he provided his attorney number under his signature line on the filings, he did not withdraw his appearance on behalf of his clients, and he asserted he was acting on behalf someone other than himself, i.e., the ward.

The Court concludes that Respondent's actions in the guardianship proceeding constituted the practice of law in violation of this Court's suspension order. The Court declines to find, however, that the other acts alleged by the Commission constitute contempt of this Court on the evidence provided.

This Court has inherent and statutory authority to punish contempt of court by fine and imprisonment. *See Matter of Mittower,* 693 N.E.2d 555, 559 (Ind.1998). In determining an appropriate punishment, the Court considers, among other factors, any continuing risk to the public or profession. *See id.* Under the circumstances of this case, the Court concludes that a fine of $500.00 is appropriate discipline for Respondent's contempt of court by practicing law while suspended.

The Court therefore ORDERS that Respondent **be fined the sum of $500.00.** Respondent shall remit this amount within 60 days of the date of this order to the Clerk of the Indiana Supreme Court, Court of Appeals and Tax Court.

The costs of this proceeding are assessed against Respondent.

The Clerk is directed to forward a copy of this Order to the parties or their respective attorneys and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur.